## The Marquette Third Vein Coal Company
### *v.*
### Patrick Dielie.

*Opinion filed February 17, 1904.*

1. PLEADING—*counts for negligence and for willful violation of statute may be joined.* Counts for negligence as at common law and for a willful violation of the statute relating to mines may be joined in one declaration, where both are based upon the same facts.

2. SAME—*what a sufficient allegation, after verdict, of willful violation of statute.* An allegation that the plaintiff was under fourteen years of age and that the defendant had notice of such fact yet "wrongfully and unlawfully employed plaintiff and permitted him to work in its mine, contrary to the statute," is a sufficient averment of willful violation of the statute, after verdict.

3. MINES—*when question of proximate cause of injury is one of fact.* If a mining company knowingly employs a boy under fourteen years of age without an affidavit that he is over fourteen, the statutory liability accrues when the boy is injured, and the questions of willful violation of the statute and proximate cause of injury are questions of fact, upon which the judgment of the Appellate Court is conclusive if there is evidence supporting the judgment.

4. SAME—*what testimony meets requirement of statute as to age affidavit.* If a boy under fourteen years of age, who was injured while working in defendant's mine, testifies that he produced no age affidavit to the defendant, he is not required, in the first instance, to prove that no one else did, since the statute provides that the minor shall produce the affidavit.

*Marquette Third Vein Coal Co.* v. *Dielie,* 110 Ill. App. 684, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Bureau county; the Hon. GEORGE W. BROWN, Judge, presiding.

PECK, MILLER & STARR, and CAIRO A. TRIMBLE, for appellant.

O. H. PORTER, WOOD & ELMER, and DANIEL BELASCO, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This is an action commenced in the circuit court of Bureau county by the appellee, a minor under the age of fourteen years, by his next friend, against the appellant, to recover damages for a personal injury sustained by him while in the employ of the appellant as a "trapper" in its coal mine. The case was tried upon a declaration containing three counts. The first count charged the appellant with negligence in failing to provide appellee a safe place in which to work. The second count charged the appellant with a willful violation of the twenty-second section of the Mines and Miners act, in having employed and permitted appellee, a minor under the age of fourteen years, to work in its mine, and without having produced to it, by him, an affidavit that he was fourteen years of age, by means whereof he was injured. The last count charged that plaintiff was under fourteen years of age; that the defendant was aware of that fact, and that he was carelessly, negligently, unlawfully and wrongfully employed by the defendant to work in its mine, and that by reason of being permitted to work in said mine, and because of his youthful indiscretion, he was injured. The general issue was filed, and a trial resulted in a verdict and judgment in favor of appellee for the sum of $4000, which judgment has been affirmed

by the Appellate Court for the Second District, and a further appeal has been prosecuted to this court.

It is first contended that there is a misjoinder of causes of action in the several counts of the declaration, the position of the appellant being, that an action for negligence, at common law, in failing to furnish appellee a safe place in which to work, and an action for a willful violation of the Mines and Miners act by employing and permitting appellee, a minor under fourteen years of age, to work in its mine, and without having produced to it, by him, an affidavit that he was fourteen years of age, cannot be joined in the same declaration. The counts are based upon the same state of facts, and if the appellant is liable to appellee for damages for negligence as at common law, and also liable to him for damages by reason of a willful violation of the Mines and Miners act, no valid reason has been suggested why said causes of action may not be joined in different counts of the same declaration. To hold otherwise would be to hold appellee must bring two actions against the appellant based upon the same state of facts, or abandon one of said causes of action.

The test by which to decide as to the joinder of counts,—that is, what actions may be joined in separate counts of the same declaration,—is thus stated in Chitty's Pleadings (vol. 1, p. 200): "The result of the authorities is stated to be, that 'when the same plea may be pleaded and the same judgment given on all the counts of the declaration, or whenever the counts are of the same nature and the same judgment is to be given on them all, though the pleas be different, as in the case of debt upon bond and on simple contract, they may be joined.'"

In *Hays* v. *Borders*, 1 Gilm. 46, on page 50, the rule is announced in substantially the same language. It is there said: "It is objected to the declaration that it is defective by reason of a misjoinder of counts and causes of action, in this: that it contains counts for a penalty

founded on statute, and others for such damages as could have been recovered at common law. The result of authorities on the subject of the joinder of different forms of action is said to be, that 'when the same plea may be pleaded and the same judgment given on all the counts of the declaration,' or 'wherever the causes of action are of the same nature and may properly be the subject of counts in the same species of action, they may be joined, otherwise they cannot.'"

In *Brady* v. *Spurck*, 27 Ill. 478, on page 482, the court, again speaking upon the subject through Mr. Justice BREESE, said: "The rules of correct pleading allow several causes of action of the same nature to be joined in one count and a recovery had *pro tanto*. The defendant can plead specially to each cause of action. (*Godfrey* v. *Buckmaster*, 1 Scam. 447.) Different actions cannot be joined in the same declaration. The rule is, that when the same plea may be pleaded and the same judgment rendered on all the counts they may be joined."

In *Fairfield* v. *Burt*, 11 Pick. 244, the court, through Mr. Chief Justice Shaw, on page 246 said: "It is further objected that a count on the statute for double damages cannot be joined with counts at common law for damage of like kind. It is difficult to perceive how, either upon principle or authority, this position can be maintained. The form of action is the same. The statute of 1812, (chap. 146, sec. 3,) providing that the owner of a dog shall forfeit and pay double the damage done by such dog, further provides that it may be recovered by action of trespass. It only affects the rule for assessing damages. The plea is the same and the judgment is the same, and therefore the case comes within the rule regulating the joinder of causes of action."

It is the practice in this State to try personal injury cases under declarations the separate counts of which charge negligence and willful and wanton misconduct; (*Chicago Terminal Transfer Railroad Co.* v. *Gruss*, 200 Ill.

195;) and although the rules of law as applied to the separate counts of such a declaration are not the same, it has never been thought for that reason such counts could not be joined in the same declaration. We are of the opinion there was no misjoinder of counts or causes of action in said declaration, but that the counts for negligence at common law and for a willful violation of the statute were properly joined in said declaration.

At the close of the plaintiff's evidence, and again at the close of all the evidence, the defendant asked the court to peremptorily instruct the jury to return a verdict in its favor, which the court declined to do. The evidence introduced on behalf of plaintiff fairly tended to show that he was a minor under the age of fourteen years; that he was in the employ of the defendant as a "trapper," for which service he was paid one dollar per day; that it was his duty to open certain doors in an entry in the mine for cars drawn by mules to pass through, and to immediately close the doors after the cars had passed, and to keep them closed except when cars were passing, in order to prevent the escape of air which had been forced into the mine, and, when the cars were stalled in the vicinity of his doors, to assist the driver in starting the cars. He had charge of two doors, situated about forty feet apart. On the 26th of April, 1902, a train of cars became stalled near appellee's doors. He went to the assistance of the driver, got behind the cars and blocked the rear wheels when the mules stopped, to prevent the train from backing down the grade. When the train was started, to get to the doors and open them that the train might pass through, it was necessary for him to pass the cars when they were in motion. At a point between where the cars had stalled and his doors, a timber projected from the wall to within a few inches of the cars. He had passed the place frequently, but testified that he had not observed the proximity of the

timber to the cars as they passed it. He was caught between the timber and the cars and seriously injured.

At the time appellee entered the employ of appellant he was under thirteen years of age, and had been in its employ about five months at the time of the injury, and no affidavit was produced by him to the defendant or its mine manager, at the time he entered its employ, that he was fourteen years of age. The statute is as follows: "No boy under the age of fourteen years, and no woman or girl of any age shall be permitted to do any manual labor in or about any mine, and before any boy can be permitted to work in any mine he must produce to the mine manager or operator thereof an affidavit from his parent or guardian or next of kin, sworn and subscribed to before a justice of the peace or notary public, that he, the said boy, is fourteen years of age." (Hurd's Stat. 1899, chap. 93, sec. 22.) Section 33 of said act makes any willful neglect, refusal or failure to do the things required to be done by any provision of the act on the part of a person required to do them, or any violation of any of the provisions or requirements of the act, a misdemeanor, punishable by fine or imprisonment. It also enacts: "For any injury to person or property, occasioned by any willful violations of this act, or willful failure to comply with any of its provisions, a right of action shall accrue to the party injured, for any direct damages sustained thereby."

If the evidence fairly tends to support the cause of action set out in the declaration it is the duty of the court to submit the case to the jury. We think the evidence found in this record fairly tended to support the several causes of action set out in the different counts of the declaration, and that the court did not err in refusing to take the case from the jury.

It is also urged that the last count of the declaration is insufficient, in that it does not charge a willful violation of the statute. The statute provides that a willful

violation thereof, or a willful failure to comply with its provisions, shall give a right of action against the mine owner to a person injured, for any direct damages which the injured party may sustain by reason of such violation. The count charges the plaintiff was under fourteen years of age; that the defendant had notice of that fact, yet it wrongfully and unlawfully employed plaintiff and permitted him to work in its mine, contrary to the statute, etc. A willful violation, within the meaning of the statute, signifies a conscious violation thereof. (*Odin Coal Co.* v. *Denman,* 185 Ill. 413; *Donk Bros. Coal and Coke Co.* v. *Peton,* 192 id. 41.) The sufficiency of the count was not challenged by demurrer or otherwise, and we think the averment "wrongfully and unlawfully," found in the count, a sufficient averment of the conscious violation of the statute after verdict.

It is also said that it does not appear that the violation of the statute by the appellant by its employing appellee, who was a minor under the age of fourteen years and without requiring him to produce to the appellant an affidavit that he was fourteen years of age, was willful or the proximate cause of the injury. The statute makes it unlawful for a mine owner to employ or permit a boy under fourteen years of age to perform manual labor in or about a mine, and further provides that before any boy can be permitted to work in a mine he must produce to the mine manager or operator an affidavit from his parent or guardian or next of kin that he is fourteen years of age. The second count of the declaration alleged that appellee was under fourteen years of age, and that no affidavit was produced by him that he was fourteen years of age, to the defendant or its manager, at the time he entered the employ of the defendant, and the evidence tended to support the averment. The object sought to be accomplished by the statute was to prevent the employment of boys of immature years in the coal mines of this State, and we

think, in case the statute is violated and a boy is injured while engaged in performing manual labor which he is employed or permitted to do in a mine, the statutory liability for damages has accrued, and in such case the questions of a willful violation of the statute and the proximate cause of the injury are questions of fact for the jury, which facts are conclusively settled by the judgment of the Appellate Court, if there is any evidence in the record upon which to base a finding. *Pullman Palace Car Co.* v. *Laack;* 143 Ill. 242; *Swift & Co.* v. *Rutkowski,* 182 id. 18.

It is urged the court misdirected the jury on behalf of appellee. The court gave to the jury one or more instructions in which they were informed that if they believed plaintiff was injured in consequence of the negligence of the defendant, as charged in the declaration, they should find the defendant guilty. The instructions should have been confined to the first count of the declaration, as the right of recovery in the other two counts of the declaration is based upon the willful violation of the statute by the defendant and not by reason of its negligence. But we do not think the giving of said instructions was reversible error. The court, at the instance of the defendant, in its fifth instruction informed the jury, before they considered the question of damages they should first determine whether the defendant was guilty of any of the negligent acts charged in the declaration, and if they found, from the evidence, the defendant was not guilty there could be no recovery. The court having been induced by the defendant to commit the same error in the defendant's instructions which the appellant complains the court committed in plaintiff's instructions, this court will not reverse for such error. (*Consolidated Coal Co. of St. Louis* v. *Haenni,* 146 Ill. 614.) While appellee was not bound to prove negligence in order to fix a liability upon the defendant under the counts of the declaration other than the first, the word "negli-

gence" was used in each of the counts, and if the jury were misled by the instructions complained of, it seems apparent they were misled to the detriment of appellee rather than of appellant, as from said instructions the jury might have inferred that appellee could not recover under any of the counts of the declaration without proving negligence.

The jury were fully instructed as to the provisions of the statute against employing a boy under fourteen years of age in a mine and without requiring him to produce an affidavit that he was fourteen years of age, and as to what would constitute a willful violation of the statute, and we think it clear the jury understood, from the instructions, they could not find the defendant guilty under the second and last counts of the declaration, unless they found, from the evidence, the defendant had knowingly violated the statute by employing or permitting appellee to work in its mine when he was under fourteen years of age and without his producing an affidavit that he was fourteen years of age, and that he was injured while performing the manual service which he was employed to perform in the mine.

When plaintiff was on the witness stand the attorney for the defendant asked him, "Are you willing, if your lawyers consent to it, to be examined by the physicians of the defendant company here, as to your injuries?" An objection was sustained to the question upon the ground it was not proper cross-examination, and the court remarked, in ruling upon the question: "I do not suppose the boy could determine this; it ought not to be required of him; it ought to be the adults representing him to determine that." The defendant sought to base an instruction upon the question, the objection and the ruling of the court, to the effect that if the jury believed, from the evidence, that plaintiff, in their presence, in open court, on the trial of the case, with the advice of his counsel, had refused to allow himself to be examined by the phy-

sicians of the defendant for the purpose of ascertaining the character of his injuries, they might consider the fact of such refusal in weighing the testimony as to the character of his injuries. There was nothing before the court upon which to predicate the instruction, and it was properly refused.

It is also urged that the court erred in refusing to permit the defendant to prove that its. manager ordered appellee out of the mine some months before the injury, when he was working in the mine with his step-father, because of his being under age. We do not see that there was any error in this. The most the testimony would have tended to prove would have been that the boy was under fourteen years of age, and that the manager of the defendant, who afterwards put him to work as a "trapper," knew of that fact.

It is also argued that proof should have been submitted by the plaintiff that his step-father did not produce to the defendant an affidavit that appellee was fourteen years of age at the time he commenced to work in the mine. The statute provides that the minor shall produce the affidavit. Appellee testified an affidavit was not produced by him. That testimony fully met the requirement of the statute, and plaintiff was not required to go further. If an affidavit was presented by some one other than plaintiff, and the defendant was of the opinion such fact was material, it should have offered proof of the fact, and in case the same was rejected, preserved an exception if it desired a ruling of this court upon the materiality of such testimony. This it failed to do.

We find no reversible error in this record. The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*