WATERMAN LUMBER CO. v. BEATTY.
(No. 1995.)

(Court of Civil Appeals of Texas. Texarkana. June 19, 1918. Rehearing Denied June 27, 1918.)

1. INFANTS ⬅14 — EMPLOYMENT—"DANGEROUS MACHINERY."

A log-loading machine, track-laying outfit, or a locomotive engine propelled by steam, is a "dangerous machine" within Acts 32d Leg. c. 46, p. 75 (Vernon's Ann. Pen. Code, 1916, art. 1050), prohibiting employment of infants under 15 years of age in establishments using dangerous machinery.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dangerous Machinery.]

2. MASTER AND SERVANT ⬅366—WORKMEN'S COMPENSATION ACT—INFANT.

In view of Acts 35th Leg. c. 103, § 12i (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—30), the Workmen's Compensation Act does not apply to infants employed around dangerous machinery in violation of Acts 32d Leg. c. 46 (Vernon's Ann. Pen. Code 1916, art. 1050.)

3. INSURANCE ⬅437—INDEMNITY INSURANCE.

A casualty insurance policy to cover all employés "legally employed" does not cover persons employed in violation of law as to age.

4. MASTER AND SERVANT ⬅95—INJURIES TO INFANT SERVANT—NEGLIGENCE.

Employment of a servant under 15 years of age to work around dangerous machinery in violation of Acts 32d Leg. c. 46 (Vernon's Ann. Pen. Code 1916, art. 1050), is negligence per se, and a servant may recover although not engaged at the very place of work he was primarily employed to do.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by Dave Beatty against the Waterman Lumber Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The action is for damages for personal injuries. The negligence alleged is in employing an inexperienced youth under 15 years of age to do and perform the work of a railway brakeman, and to do and perform the work required of the plaintiff, and in not warning him of the danger incident to the work. The defendant answered that the plaintiff was more than 15 years old, and was not employed about the machinery in any mill or factory or manufacturing establishment using dangerous machinery. Further, that the defendant had accepted and was operating under the Employers' Liability Act of Texas and had insured its employés against loss and injury in the Home Life & Accident Company of Arkansas and had paid all premiums and given notice of the fact to the plaintiff; that the plaintiff had accepted and agreed to work under the Employers' Liability Act, and had given no notice of his intention not to be bound by the said act and compensation. The plaintiff by supplemental petition replied denying that the Workmen's Compensation Act applied because the plaintiff was employed in violation of the law, and that the insurance policy does not cover a case of unlawful employment. The jury returned a verdict in favor of the plaintiff.

The court's charge authorized a recovery in favor of the plaintiff only upon the finding that the plaintiff was under 15 years of age and employed in violation of the child labor law. The Waterman Lumber Company is a lumber corporation engaged in the manufacturing of lumber and has its headquarters in the town of Blocker, about 10 miles southeast of Marshall on the Marshall & East Texas Railroad. The railroad at that point runs about east and west, and the Waterman Lumber Company's mill is stationed at Blocker. The Waterman Lumber Company also owns a tram railroad that joins onto the Marshall & East Texas Railroad about a mile east of the town of Blocker and runs south to another mill owned by the Waterman Lumber Company, known as the Horton mill, and thence 10 or 12 miles into the woods down Sabine river. It also owns another tram that joins onto the Marshall & East Texas Railroad a short distance west of Blocker station and runs south into the woods. These are tram roads owned by the Waterman Lumber Company and used to haul logs from the woods into the mill and to haul lumber from the Horton mill up to the Blocker station. In going and returning to work the hands would usually ride the trains. Dave Beatty was a minor, and there was a question in the case whether he was under 15 or over 15 when he was injured. There is involved in the verdict of the jury the finding that the boy was under 15 years of age. There being evidence to support the finding, it is here adopted. He was injured about the 9th of May, 1917. Dave Beatty was primarily employed by the lumber company to perform the work of what was familiarly known as "riding the mule," and his service was as follows: The lumber company owned some logging cars, and on one of these cars was a machine operated by steam, and attached to

this machine was a drum, on which was wound a long rope. Beatty would take his mule and hitch to the end of this rope and ride the mule out into the woods where a log had been prepared, and another man would then hitch the end of the wire rope onto the log with clamps or tongs. Wayne Phillips then, by operating the machine on the car, would wind the rope onto the drum and drag the log to the side of the track. Then Beatty would hitch his mule to the end of the wire rope with the clamps and pull it out to the next log to be hauled in. He was not injured while performing this work. It was sometimes required of David Beatty, as a part of his employment, to do some other work as his foreman ordered and to aid the men in laying down the iron rails on the tram railroad that runs from the Marshall & East Texas road out into the woods. His duty generally in performing this work was to carry water to the hands, distribute spikes and fish bars along the track where the rails were being placed.

David Beatty with his father lived at Horton about 9 or 10 miles out from Blocker station. On the morning he was injured, they were going to come from Horton on the tram road north to the Marshall & East Texas Railroad east of Blocker, and then come on the Marshall & East Texas to the point west of Blocker; then go south on that tram with the purpose of laying iron at the south end of that tram road. David Beatty and the other workmen left Horton on the hand car, operated by hand, and on the way up to the north end of the tram, before they got to the Marshall & East Texas road, the morning being quite cool, David Beatty left the hand car and went to the Shay engine, which was proceeding in front of him on the road going up to Blocker also. He went and got on the Shay engine, and in a few minutes they arrived at the place where the tram joins onto the Marshall & East Texas. It being a steep downgrade there, David Beatty left the cab of the engine and went out on the front of the footboard for the purpose of putting some sand on the track, which sand was carried in a bucket on the front end of the engine. There is a dispute as to whether the fireman on the Shay engine told him to do that, or whether the engineer on the Shay engine told him to do that. Dave Beatty got out on the front end of the engine, and in some way he fell off onto the track in front and had his leg severely mashed. It was permissible for the hands who worked with the loader and the Shay engine to ride on it in going to and returning from work. The Waterman Lumber Company employed more than five men, and had taken out insurance, effective at the time of the injury, in an accident insurance company obligating itself to relieve the Waterman Lumber Company from the liability under the Workmen's Compensation Act of Texas, but

stipulating, "This policy shall cover all employés of the employer legally employed." The defendant posted notices calling the attention of employés to the insurance being taken out by the company. It was proven that the defendant company paid for the insurance by deducting each month from the pay of their employés.

F. H. Prendergast and R. A. Hall, both of Marshall, for appellant. T. W. Davidson, of Marshall, for appellee.

LEVY, J. (after stating the facts as above). [1-3] Under appropriate assignments of error the appellant insists that the plaintiff cannot maintain his suit in court against the company, but must seek his remedy under the terms of the Workmen's Compensation Act of the state. Acts of 1917, p. 269 (Vernon's Ann. Code Civ. Supp. 1918, arts. 5246a to 5246—107). And the appellee says that this act does not, under the circumstances, apply to this case, for the reason that David Beatty was employed in violation of the Penal Code, and the insurance policy does not cover a case of unlawful employment. The Penal Code provides:

"Any person, or any agent, or any employé of any person, firm or corporation who shall hereafter employ any child under the age of fifteen years to labor in or about any manufacturing or other establishment using dangerous machinery, or about the machinery in any mill or factory, * * * shall be * * * guilty of a misdemeanor," etc. P. C. art. 1050; Acts 1911, p. 75.

And the Compensation Act, in force at the time of injury, provides:

"This section shall not be considered as authorizing the employment of a minor in any hazardous employment which is prohibited by any statute of this state." Acts 1917, p. 269, § 12i.

And the circumstances in the case show, it is thought, a violation of the statute. The boy, Dave Beatty, was under 15 years of age, and was employed to labor about an establishment or mill using dangerous machinery. A log-loading machine, a track-laying outfit, or a locomotive engine propelled by steam is a "dangerous machine." And a conveyor of any kind operated by steam power and used to carry logs from the forest to the mill to be made into lumber can be said to be, in point of fact, a necessary part of the manufacturing "establishment." Wendt v. Industrial Ins. Commission, 80 Wash. 111, 141 Pac. 311; Hillestad v. Industrial Ins. Com., 80 Wash. 426, 141 Pac. 913, Ann. Cas. 1916B, 789. While the criminal law only punishes the "agent" or "employé" of a person or corporation for violation of the child labor law, the effect is to directly forbid persons or corporations employing children under 15 years of age in certain occupations. For the words "agent" and "employé" are of a representative relation. And the provisions of the Workmen's Compensation Act apply only, it is believed, to valid employment contracts. See Hetzel v. Ring Co., 89 N. J. Law, 201, 98

Atl. 306. The insurance policy in evidence provides, "This policy shall cover all employés of the employer legally employed." And persons employed in violation of law as to age will not be within its terms. Ætna Life Ins. Co. v. Tyler Box & Lumber Mfg. Co., 149 S. W. 283. It is believed that appellant's contention should be overruled.

[4] As it must be said, it is thought, that the boy was employed by the lumber company, the employment in violation of the statute gives rise to a cause of action in behalf of the boy, being injured, as he was, as it is concluded, while in the employment. And it is, as held, negligence per se to violate the statute. 1 Thompson on Negligence, § 10; Stirling v. Mfg. Co., 159 S. W. 915. And the plaintiff may recover although at the time the boy was not engaged at the very piece of work he was primarily employed to do. Starnes v. Albion Mfg. Co., 147 N. C. 556, 61 S. E. 525, 17 L. R. A. (N. S.) 602, 15 Ann. Cas. 470; McGowan v. Ivanhoe Mfg. Co., 167 N. C. 192, 82 S. E. 1028. The unlawful employment is deemed as the proximate cause of the injury. The second, third, fourth, and fifth grounds of insistence are overruled.

It is concluded that the court may not disturb the verdict of the jury as excessive.

It is concluded by the court that the fifteenth assignment of error should be overruled.

The judgment is affirmed.

---

⬅═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes