## 10785.   KEEN *v.* CROSBY.

STEPHENS, J.   1. The child-labor law of this State provides that "No child under the age of fourteen years shall be employed by, or permitted to work in or about, any mill, factory, laundry, manufacturing establishment, or place of amusement; except that children over twelve years of age who have widowed mothers dependent upon them for support, or orphan children over twelve years of age dependent upon their own labor for support, may work in factories and manufactories;" and other exceptions.   Civil Code (1910), § 3149.

2. In a suit in behalf of a child against a proprietor of a manufacturing establishment to recover damages for personal injuries sustained by the child while working in or about such establishment contrary to the terms of the child-labor law, upon proof that the child was within the prescribed age and was employed or permitted by the proprietor to work in or about such establishment in violation of the statute, the proprietor of such establishment, in employing the child, is guilty of negligence per se; and where such negligence on the part of the proprietor is the proximate cause of the injury, the proprietor is liable therefor without further proof of negligence upon his part.

3. Negligence on the part of the child so employed in contravention of the statute, which proximately contributes to his injury, may be pleaded by the defendant to defeat a recovery or in diminution of damages.   *Elk Cotton Mills* v. *Grant*, 140 *Ga.* 727 (4) (79 S. E. 836, 48 L. R. A. (N. S.) 656).

4. The pleadings and the evidence having raised the issue as to whether the negligence of the child or the negligence of the defendant was the proximate cause of the injury, it was error upon the part of the trial judge to fail to submit this issue to the jury.

5. It was error to charge the jury that they should reconcile the differences in the sworn testimony and impute perjury to no one, and believe the witness who had the better opportunity of knowing the facts testified to, without adding the qualification that the witnesses must be of equal credibility.   *Wilkes* v. *State*, 11 *Ga. App.* 384 (75 S. E. 443).

6. No other error of law appears.

Judgment reversed.    Jenkins, P. J., and Smith, J., concur.

DECIDED AUGUST 13, 1920.

Action for damages; from city court of Waycross — Judge Crawley.   March 15, 1919.

Ellis Crosby, a minor, by next friend, brought suit against D. L. Keen, to recover damages for the loss of his eye, caused by the explosion of a soda-water bottle while he was working in the manufacturing establishment of the defendant.   At the trial there was evidence that the soda-water manufactured by the defendant was put up in bottles highly charged with carbonic-acid gas and packed in boxes; that the plaintiff, a child between ten and eleven

years of age, was occupied in the work of inspecting bottles when the explosion of one of them caused the loss of his eye; that while engaged in this work, several minutes before the injury, he burst several of the bottles, and was warned by one of the employees to be careful; that he threw the bottles into the box and was not careful with them, and that the cause of the breaking of the bottle that injured him was that he did not place it in the box, but threw it in lightly. There was a conflict in the evidence as to whether he was a trespasser in the establishment or was permitted by the proprietor to work there. The jury found for the plaintiff. The defendant's motion for a new trial was overruled, and he excepted.

*F. V. Paradise, A. B. Spencer, H. M. Wilson,* for plaintiff in error.

*Parks & Reed,* contra.