## CARSO v. NORWICH UNION INDEMNITY CO. (No. 8980.)

Court of Civil Appeals of Texas. Galveston. March 31, 1927.

**1. Master and servant ⊕⇒366—Child under 15 delivering soda water from factory to customers held unlawfully employed about "factory," and not within Workmen's Compensation Act (Pen. Code 1925, art. 1573; Rev. St. 1925, arts. 8306–8309).**

Where child under 15 was assistant to another employee whose duty it was to enter factory building and bring out cases of soda water, he was unlawfully employed in or about "factory," within Pen. Code 1925, art. 1573, and not within protection of the Workmen's Compensation Act being Rev. St. 1925, arts. 8306–8309 (citing Words and Phrases, "Factory").

**2. Master and servant ⊕⇒366—Mother of child unlawfully employed cannot recover under Workmen's Compensation Act, though employment did not cause injury (Workmen's Compensation Act [Rev. St. 1925, art. 8306, § 12i]; Pen. Code 1925, art. 1573).**

Where child of 15 was killed while employed contrary to Pen. Code 1925, art. 1573, providing that child under 15 should not work in or about any factory, held that mother could not recover from insurer under Workmen's Compensation Act (Rev. St. 1925, art. 8306, § 12i), though death resulted from injuries received from overturning of delivery truck at point remote from the factory.

**3. Infants ⊕⇒14—To ascertain intent of Legislature, sections of Child Labor Law should be considered together.**

In construing Child Labor Law (Pen. Code 1925, art. 1573 et seq.), several sections of the act should be considered together in order to ascertain the real intent of the Legislature.

---

**4. Infants ⬤==14—Omission of "or about" from child labor statute held not to show intent to limit prohibition of child labor "in or about" factory during school vacation (Pen. Code 1925, arts. 1573, 1577).**

Omission of the words "or about" from Pen. Code 1925, art. 1577, providing that school children of any age might work during school vacation except in places forbidden, *held* not to limit prohibition of child labor "in or about" factory as expressed in article 1573.

Appeal from District Court, Harris County; Roy F. Campbell, Judge.

Proceedings under the Workmen's Compensation Act by Mrs. Minnie Carso for the death of her son, Frank Carso, claimant, opposed by the Norwich Union Indemnity Company, insurer. From a judgment for the indemnity company in its suit to set aside an award of the Industrial Accident Board, claimant appeals. Affirmed.

Arnold & Manint and Ewing Werlein, all of Houston, for appellant.

Hunt & Teagle, of Houston, for appellee.

LANE, J. One Sam Schwartz was, on the 24th day of August, 1925, engaged in the manufacture of soda water, under the name of "Texberry Bottling Works," in the city of Houston. Schwartz, under such name, was a subscriber under the Workmen's Compensation Act of the state of Texas (Rev. St. 1925, arts. 8306–8309), and at the time of the employment, injury, and death of one Frank Carso, a boy of 14 years of age, held a policy issued by the Norwich Union Indemnity Company, hereinafter referred to as the Indemnity Company, covering the employees engaged in said manufacturing business of Schwartz.

On or about the 24th day of August, 1925, Frank Carso was in the employ of the manufacturing business of Schwartz, and while engaged in the performance of his duties as such employee, received an injury, while riding on a truck used in the delivery of soda water, from which he died, said truck being driven at such time by another of such employees, who, together with Frank Carso, was making deliveries of soda water for said business.

Frank was the son of appellant, Mrs. Minnie Carso. Mrs. Carso in manner and form as required by law presented her claim for compensation for the loss of her son before the Industrial Accident Board of Texas, which granted her an award against the Indemnity Company in a sum exceeding $500. From such award the Indemnity Company, after due notice, to wit, on the 17th day of December, 1925, instituted this suit in the district court of Harris county to set aside said award, and in its petition it averred that the facts of the case were not such as would authorize the Industrial Accident Board to make an award against it of any sum whatever, in that Frank Carso, at the time of his employment and death, was under the age of 14 years, and that at the time of his death he was in the employ of said bottling works, a manufacturing establishment using dangerous machinery, to labor in and about its manufacturing shop, factory, or place wherein such machinery was operated, and to assist in operating, loading, and unloading an automobile truck; that by reason of his age, Frank Carso, under the facts stated, was unlawfully employed, such employment being prohibited by the laws of the state of Texas.

Mrs. Carso answered by general demurrer and general denial, except as to such facts as she may in her answer admit to be true. Becoming actor, she alleged the facts of the employment of her son, his injury and death, the issuance of the policy by the Indemnity Company, its liability under such policy, etc., and prayed for judgment against the Indemnity Company for compensation of $7 per week for 360 weeks, payable in a lump sum, one-third of which to be paid, however, to her attorneys, Ed. Arnold and Earl M. Manint.

A jury was impaneled and sworn to try the cause, but after both parties had introduced their evidence and closed, the court, upon motion of the Indemnity Company, instructed a verdict for it, and upon such verdict being returned by the jury, judgment was entered decreeing that the award made by the Industrial Accident Board to Mrs. Carso be set aside and annulled; that the Indemnity Company go hence and recover its costs of Mrs. Carso; and that she take nothing by her cross-bill.

Mrs. Carso has appealed, and presents for cause of reversal of the judgment but one proposition, whereby she insists that the court erred in instructing a verdict for appellee, the Indemnity Company, and upon return of such verdict rendering judgment setting aside the award made by the Industrial Accident Board and decreeing that she take nothing by her cross-bill, in that upon the evidence adduced she was, as a matter of law, entitled to judgment in her favor. If, however, she be mistaken in the above proposition, she says that the instruction complained of is reversible error, in that the evidence raised issues of fact which should have been submitted to the jury, to wit: (a) As to whether or not Frank Carso, deceased, was employed in hazardous employment contrary to law; (b) as to whether or not Frank Carso was employed in violation of law; (3) as to whether or not the injuries which Frank Carso received, and from which he died, were caused proximately from his employment and as a result thereof, or

from some extraneous cause; (d) as to whether or not Frank Carso was employed "in" a factory in violation of the law, or employed "by" a factory to work outside of said factory or about said factory; (e) as to whether Frank Carso was or was not an employee for whose death recovery could be had under the Workmen's Compensation Act and the Employer's Liability Act of the state of Texas.

By counterproposition, appellee contends: That the court properly instructed a verdict in its favor, in that the undisputed evidence shows that Frank Carso, deceased, at the time of his injury from which he died, was under the age of 15 years. That he was employed in and about a factory in violation of article 1573 of the Revised Criminal Statutes (Pen. Code) of this state of 1925, wherein it is provided that:

"Any person, or any agent or employé of any person, firm or corporation who shall hereafter employ any child under the age of fifteen (15) years to labor in or about any factory, mill, workshop, laundry, or in messenger service in towns and cities of more than fifteen thousand population, according to the federal census, except as hereinafter provided, shall be deemed guilty of a misdemeanor, and upon conviction in a court of competent jurisdiction, shall be punished by a fine of not less than twenty-five ($25.00) dollars nor more than two hundred ($200.00) dollars or by imprisonment in the county jail for not more than sixty days, or by both such fine and imprisonment."

That being so unlawfully employed, he was not covered by the Workmen's Compensation Act, in that in said act (article 8306, § 12i of part 1, R. S. 1925), it is provided that preceding provisions of the act "shall not be considered as authorizing the employment of a minor in any hazardous employment which is prohibited by any statute of this state."

Such being the contentions of the parties, and the fact that the undisputed evidence shows that the establishment of the appellee was a manufacturing establishment, that Frank Carso was at the time of his injury and death employed by Sam Schwartz, proprietor of said factory, as an assistant to another of his employees, whose duties were to enter the factory building, 40 feet in width and 80 feet in length, to get cases of soda water, load them on a truck, and make delivery thereof to purchasers of same, the manufacturing machinery being situated and operated in one end of the building and the soda water in the other end, the only questions for our decision are, first, was the employment of the deceased an employment to work in such factory, or about the same; and, second, would the fact that Frank Carso, at the time of his employment and injury, was a child under 15 years of age, and that such employment required him to work in or about such factory, contrary to the law of this state, preclude a recovery by his mother under our Workmen's Compensation Act, it being shown that he suffered his injury by the overturning of the delivery truck on which he was riding at a point remote from the factory?

[1] Following the holdings of the courts in the cases cited by appellee, we feel constrained to answer, under the facts shown, that the employment of Frank Carso was employment in and about a factory, and that such employment was forbidden by the laws of this state, and that Mrs. Carso was precluded from a recovery for his death, notwithstanding he received, while engaged in performance of his duties as such employee, injuries from which he died at a point distant from the factory in which, or about which, he was employed to work. "A factory is a building, the main or principal design or use of which is a place to produce articles as products of labor." Franklin Fire Insurance Co. v. Brock, 57 Pa. 74; 3 Words & Phrases, p. 2642.

[2] The deceased was a child under 15 years of age at the time of his employment and death. He was employed to work in and about a factory in violation of the penal laws of this state. Under such facts his mother could not recover from the Indemnity Company upon the policy issued by it to Schwartz, the employer of the deceased. Waterman Lumber Co. v. Beatty (Tex. Civ. App.) 204 S. W. 448; Id., 110 Tex. 225, 218 S. W. 363; Keen v. Crosby, 25 Ga. App. 595, 103 S. E. 850; Iron & Wire Co. v. Green, 108 Tenn. 161, 65 S. W. 399; Memphis Gaslight Co. v. State, 6 Cold (Tenn.) 310, 98 Am. Dec. 453; Galloway et al. v. Lumbermen's Indemnity Exchange (Tex. Com. App.) 238 S. W. 646; 36 Corpus Juris, p. 1088, § 64.

In Corpus Juris it is stated as a rule that under some policies such as the one we are now considering, the insurer is exempt from liability for injuries to a child employed contrary to law as to age at which he may be legally employed; that under such policies the insurer is also exempt from liability for injuries to an employee, under a designated age, who in violation of law is permitted to work at an occupation, or in a place, in violation of law, notwithstanding the unlawful employment was not the cause of the injuries, and in notes 29 to 39, inclusive, many cases are cited in support of the rule.

In the Galloway Case, decided under the law as it now stands, which we copied above, it is said:

"As the contract of insurance between the lumber company and the defendant in error was entered into in virtue of the Workmen's Compensation Law, it will be presumed, unless the contrary appears, that its stipulations are in accord with and not contrary to that law. As the law prohibits the employment of minors between the ages of 12 and 15 years, in and around mills where dangerous machinery is

used, it will be presumed that the contract between the parties, written in pursuance of the law, embodies no provision in conflict with the law. The insurance company's liability is restricted to the terms of its contract, and cannot be extended to include the liability of the lumber company to persons employed by the latter in violation of the law."

The opinion from which we have quoted was by Judge Spencer for the Commission of Appeals, and approved by the Supreme Court.

Succinctly stated, the facts upon which we have based our conclusion and which are shown by the undisputed evidence, were: The building in which Schwartz conducted his business was 40 feet wide and 80 feet long. That in one end of such building there was situated three electric motors, one or more of which had wheels that operated several machines by means of a belt on them. The belts ran into pulleys and those pulleys operated the machines. There were three machines in the building, each operated by a different motor. One of the belts was about 8 or 10 feet long. There was in such building what is known as a Miller sucker, about 18 feet long and 8 feet wide, which weighed about 4,500 pounds, and a Dixie Automatic machine, which weighed about 2,800 pounds and was about 12 feet in height. The motors had gears and cogs. They had cog wheels that had teeth in them. In the other end of the building cases of soda water were piled, and Frank Carso, in performance of his duties as an employee, was required to enter the building, to take therefrom the cases of soda water, and load the same upon an automatic truck furnished by Schwartz for the delivery of his soda water to those to whom he might sell the same. That at the time of his employment, injury, and death he was less than 15 years of age. That his injury occurred in August, 1925, while he was riding on one of said delivery trucks driven by another employee, whom he was assisting in making deliveries of soda water. That such injury was received at a point some distance from the factory.

[3, 4] In reaching the conclusions above expressed, we have not overlooked the contention of appellant that in view of the last section of article 1577 of the Criminal Statutes (Pen. Code), which provides that one is not prohibited from employing school children of any age from the 1st day of June to the 1st day of September, except that they shall not be permitted to work in a factory, mill, workshop, and the places mentioned in articles 1574 and 1577, in that by such section one is not prohibited from employing such child at such times about a factory, but only in a factory; the word "about" as used in article 1573 above quoted being omitted. We cannot, however, agree with the construction of appellant. To ascertain the intent of the Legislature the several sections of the act should be considered together, and, when so considered, we think it was clearly the intention thereby to prohibit the employment of a child under 15 years of age either in or about a factory, regardless as to whether or not dangerous machinery was used therein. The language used in article 1573 clearly and unmistakably signifies such intention. Considering the act as a whole, it is clear, we think, that in passing the same it was the intention of the Legislature to protect children under 15 years of age from the dangers of ill health, or other dangers incident to work, either in or about a factory, and if such was its intention, it would not have provided less protection for a child of such age between the 1st day of June and the 1st day of September, merely because schools were not at such time in session, than it had provided for children of the same age during school sessions. However, we think the undisputed facts in the present case, as above stated, show that Frank Carso was employed to work in the factory in question at the time of his injury. We can conceive of no reason why the Legislature would require less protection for a child during vacation than it would for the same child during sessions of schools.

The provisions of article 1577, called by appellant to her aid, were manifestly intended to relieve children under 15 years of age from the necessity of procuring permission from the county judge to accept such employments during vacation from school as are not inhibited by articles 1573 and 1577 of the statute.

Having reached the conclusions above expressed, it becomes our duty to affirm the judgment; and it is accordingly so ordered.

Affirmed.