19565. CARRUTHERS, administratrix, *v.* CITY OF HAWKINSVILLE.

JENKINS, P. J. 1. Under answers returned by the Supreme Court to questions certified to it in this case (171 *Ga.* 313), the petition was not subject to demurrer on the ground that the claim for damages submitted to the governing authorities of the defendant municipality before suit did not meet the requirements of the Civil Code (1910), § 910.

2. In the operation of an electric-light and water plant, a municipal corporation is engaged in a non-governmental function, and is liable in damages to persons injured by reason of negligence on the part of the municipality or its servants in the conduct of such business. *Huey* v. *Atlanta*, 8 *Ga. App.* 597 (70 S. E. 71); *Adepe* v. *Thomasville*, 9 *Ga. App.* 880 (72 S. E. 478); *City of Dublin* v. *Ogburn*, 142 *Ga.* 840 (83 S. E. 939); *Dawson* v. *Smith*, 18 *Ga. App.* 603 (90 S. E. 76).

3. The employment of a child under the age of fourteen years "in or about any mill, factory, laundry, manufacturing establishment, workshop," in violation of the act of the General Assembly approved August 17, 1925 (Ga. L. 1925, p. 291; Park's Code Supp. 1926, § 3149 (h-1)), is negligence per se; and if injury to such child proximately result from the employment, a right of action in its favor arises. *Elk Cotton Mills* v. *Grant*, 140 *Ga.* 727 (79 S. E. 836, 48 L. R. A. (N. S.) 656); *Keen* v. *Crosby*, 25 *Ga. App.* 595 (103 S. E. 850); *Talmadge* v. *Tift*, 25 *Ga. App.* 639 (104 S. E. 91); *Ransom* v. *Nunnally Co.*, 26 *Ga. App.* 222 (105 S. E. 822).

4. The above-quoted provision of the act of 1925 applies to a municipally owned and operated light and water plant, having boilers in which fire is continually maintained, and operated to generate electricity; and a municipality employing a child under the prescribed age to work in such plant is guilty of negligence per se.

5. In the instant case, in which it was alleged that the deceased, a child of thirteen years, was burned to death in an electric-light and water plant of the defendant municipality, where he was employed as an assistant to the night fireman; that he was permitted to sleep in the plant when not actually engaged in the performance of his duties; that the defendant had permitted inflammable rubbish and waste to accumulate about the boilers in which fire was continually maintained; that the fuel used was composed largely of highly inflammable shavings and saw dust; that the fuel was not safeguarded by being stored in a reasonably safe place; that the defendant negligently failed to keep employed a sufficient number of watchmen, inspectors, and guards, or other employees to safeguard the plant from the hazards of fire, and negligently failed to provide any reasonably efficient means of extinguishing fire; that the electric-light and water plant was a hazardous and dangerous place, and the defendant was negligent in permitting and requiring the decedent to sleep therein, the petition set forth a cause of action, good as against general demurrer, and it was error for the court to dismiss the same.

6. The petition was defective in that it failed to set forth the manner in which the fire which destroyed the plant, and in which the decedent was burned to death, originated, or to set forth any reason why such information could not be furnished. The judgment dismissing the petition on demurrer will be reversed on condition that the plaintiff amend her petition to meet the ninth ground of demurrer.

*Judgment reversed on condition. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 15, 1931.

*H. E. Coates, D. C. Chalker, Lawson & Ware,* for plaintiff.
*T. S. Felder, Marion Turner,* for defendant.