RICHARD BELL *et al.*, plaintiffs in error, *vs.* WILLIAM WOOTEN *et al.*, defendants in error.

A parent cannot recover for the homicide of his son without alleging facts showing pecuniary damage to have been sustained by him.

Parent and child. Damages. Before Judge KNIGHT. Cobb Superior Court. November Term, 1874.

This case is reported in the decision.

IRVIN, ANDERSON & IRVIN; GEORGE N. LESTER; WILLIAM PHILLIPS, for plaintiffs in error.

C. D. PHILLIPS, for defendants.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendants, as physicians and surgeons, who undertook to amputate the leg of the plaintiff's son, and did it in such an unskillful and negligent manner as to cause his death, by means of which unskillful and negligent conduct the plaintiff alleges he has sustained damage in the sum of $20,000 00. The defendants demurred to the plaintiff's declaration as being insufficient in law to authorize a recovery to be had against

them on the allegations contained therein. The court over-ruled the demurrer, and the defendants excepted. The plaintiff seeks to recover damages from the defendants for the homicide of his son. It is not alleged in the plaintiff's declaration that his son was a *minor*, and that he was entitled to his services as such minor, and therefore, he is not within the decision made by this court in *Shields vs. Yonge, superintendent, etc.,* 15*th Georgia Reports*, 349. It is true, the plaintiff alleges that his son was in his employment under a contract, but for what length of time, or what was the value of his services under that contract, is not alleged, nor is it alleged what precuniary damages the plaintiff has sustained by the death of his son, under that contract, even if he would be entitled to recover against the defendants for the loss of the services of his son under a contract as set forth in his declaration. This case comes within the ruling of this court in the case of *The Georgia Railroad and Banking Company vs. Wynn*, 42*d Georgia Reports*, 331. In our judgment, the court erred in overruling the demurrer to the plaintiff's declaration.

Let the judgment of the court below be reversed.