### ANSLEY *vs.* JORDAN.

1. *Prima facie,* the measure of recovery in behalf of an employee who is wrongfully dismissed pending the term, and who sues after the

term of hiring has expired, is full pay at the contract rate. In order to mitigate the recovery by reason of earnings which the dismissed employee realized, or might have realized, in serving other employers, intermediate the dismissal and the expiration of the term, the mitigating facts must be proved as matter of defense, and to lay the foundation for proving them, they should, in Georgia practice, be specially pleaded.

2. Where the undertaking of the defendant was to furnish board as well as pay wages, and it appeared in evidence that the employee accepted other employment immediately after his dismissal by the defendant, and that he was boarded by the new employers as compensation for his services, the item of board, while it was thus furnished, is not an element of recovery against the defendant, there being no suggestion that the board was in any respect inferior to that which the defendant was bound to supply.

3. Though interest on the unpaid wages was not expressly claimed in the declaration, the jury could allow interest from the time the wages became due according to the terms of the contract, the aggregate of the verdict being much less than the amount laid in the *ad damnum.*

4. The charge of the court was not erroneous in failing to specify the particular acts and omissions which would justify the employer in discharging his employee, no request to enter into such details having been made.

5. In "holding" that it was not competent for the defendant to show so and so, there was no necessary error; for it does not appear that the defendant offered evidence to the point; neither does it appear at what stage of the proceedings, or under what circumstances, the holding complained of took place.

6. The plaintiff having proved by her minor son that he made, for his mother, the contract alleged in the declaration, there was sufficient evidence of the contract to prevent a non-suit.

7. An amendment substituting one plaintiff for another will stand, unless objection thereto be urged in due time.

8. The question of the right to appeal does not arise on a motion for a new trial.

Master and servant. Contracts. Damages. Interest. Charge of court. Non-suit. Amendment. Parties. Appeal. New trial. Before Judge CRAWFORD. Marion Superior Court. April Term, 1878.

On October 26th, 1876, Jordan brought complaint against Ansley for breach of contract, alleging that on October 1st, 1875, defendant promised to pay plaintiff $180.00 and to

board him, for his services as clerk from the day above stated until October 1st, 1876 ; that the board was worth $12.50 per month ; that on May 15th, 1876, defendant discharged him without cause, to his damage $500.00. The defendant pleaded in abatement the minority o f the plaintiff at the commencement of suit ; in bar, the general issue ; specially, non-performance of duty and disobedience of instructions; in confession and avoidance, set-off of $67.50. There was no dispute about the set-off. It was admitted as correct.

On April 19th, 1877, the declaration was amended by substituting Ann Jordan, the mother of plaintiff, as a party in his stead, he being a minor. Service of the amendment was made on the 15th of the following October. The trial was had at April term, 1878.

The evidence for the plaintiff presented the following facts :   The contract was made as alleged by Jordan with defendant for his mother, the plaintiff, except that the amount to be paid in money was $175.00. Jordan was a minor, and was discharged as alleged without cause. He always performed his duty and obeyed instructions. The value of board was proved.

At the close of the testimony for plaintiff the defendant moved for a non-suit, because the proof showed that no contract was made between the plaintiff and the defendant. The motion was overruled.

The evidence for the defendant did not vary from that for the plaintiff as to the contract or time of discharge, except that it showed the term of employment to have been until November 1st, 1876.   Testimony was introduced tending to show that the contract was made with Jordan alone, without any reference to his mother; that he failed to perform his duty and had disobeyed instructions. It was proved that on the day of his discharge Jordan obtained other employment, for which his board was allowed him.

The jury found for the plaintiff $163.75, with interest from October 1st, 1876. The defendant moved for a new trial upon the following grounds :

1. Because the court refused to sustain the motion for non-suit.

2. Because the court refused to charge, that if the jury believed from the evidence that Jordan did not incur any expense for board by reason of his discharge, then plaintiff cannot recover anything for that purpose.

3. Because the court held that it was not competent for defendant to show that Jordan procured employment at once, and the value of such services.

As to this ground, it is proper to state that there is nothing in the record or bill of exceptions to illustrate it; nothing to show that such proof was offered and rejected, or at what stage of the case such ruling was made, if made at all.

4. Because no interest can be recovered on unliquidated damages.

5. Because the charge was too general in this, that the court charged that "the contract being proven, if it were, the real question for the jury to consider was whether Jordan was discharged without just cause, then plaintiff was entitled to recover ; if for sufficient cause, then she was not," The court should have charged specially, 1st, as to what acts of Jordan would have been sufficient to authorize the discharge ; and, 2d, what omissions on his part would have authorized such action.

6. Because the court erred in holding that the defendant had not the right of appeal.

7. Because the amount found for plaintiff was excessive, and because the verdict was contrary to the law and the evidence.

The motion was overruled and the defendant excepted.

B. B. HINTON, for plaintiff in error, cited, cn non-suit, Code, §§3263, 3479, 3480; 10 *Ga.*, 580; 14 *Ib.*, 320; 18 *Ib.*, 399 , 20 *Ib.*, 35. Competent to-show other employment., Chit. on Con., 592; 14 Penn., 293; 34 Me., 102; 9 Miss., 218; 10 *Ib.*, 609; 2 Tenn., 605; 24 Ala., 194; 5 Ind., 115. Interest, Code, §2056.

PEABODY & BRANNON; W. B. & R. E. BUTT, for defendant, cited Code, §§2947, 2945, 2940; 8 *Ga.*, 190; 20 *Ib.*, 157; 54 *Ib.*, 266.

BLECKLEY, Justice.

1. As to the proper measure of damages, generally, in a case like the present, see 8 *Ga.*, 190; 21 *Ib.*, 157; 54 *Ib.*, 266; 56 *Ib.*, 497; Wood on Master & Servant, 247. If there are mitigating facts, such as that earnings were realized, or might have been, between the wrongful dismissal and the end of the term, this is matter of defense, and, under the system of practice in this state, should be pleaded. Unless pleaded, evidence on the subject may be rejected. Here the appropriate plea was wanting.

2. The action was for the value of the employee's board, as well as for his money wages. It appeared in evidence that he accepted other employment immediately after he was dismissed by the defendant, and that he was boarded by his new employers as compensation for his services. There was no suggestion that the board thus obtained was inferior to that which the defendant was obligated to furnish. The new employers, it would seem, continued to supply board until the term expired for which the defendant had engaged to furnish it; and the labor which would have paid for it to the defendant did pay for it to the others. In respect to board, then, the employee, or his mother, sustained no damage by the wrongful discharge. From the amount of the verdict, the set-off pleaded being admitted, it is evident that the jury augmented their finding by the value of the board. To this extent the recovery was excessive.

3. The amount of the money wages was liquidated by the contract, and would bear interest from the time payment ought to have been made. Code, §2056. Damages may, in a proper case, be increased by the addition of interest. Code, §2945. As to there being no express claim for, or mention of interest in the declaration, we think that imma-

terial. The declaration states the contract, the terms of it, and the breach, and lays the damages at a much larger amount than the jury found, including interest.

4. If the court had been requested to specify in its charge to the jury, what particular acts and omissions would justify discharging an employee, it would most probably have done so, in so far as was practicable without trenching upon the province of the jury. But no request of the sort was made, and the court was excusable for not entering into such details unasked. 58 *Ga.*, 157. A liberal trust in the capacity of the jury to cope with such matters without over-minute instructions, should be encouraged rather than discouraged. There is more danger of overcharging than of undercharging, where so plain a transaction as turning off a hired man before his time is out, is under investigation.

5. One or more " holdings " of the court are complained of in the motion for a new trial, as that the court erred in holding that the defendant had not the right of appeal, and that it was not competent for the defendant to show that the discharged employee procured employment at once elsewhere, etc. At what stage of the proceedings, or under what circumstances, these holdings took place is not explained. It is not stated that the defendant offered evidence, and that some of the obnoxious holdings were made in excluding it. Besides, as we have seen, the pleadings were not such as to entitle the defendant to get in more evidence than was admitted. In point of fact, it came before the jury in the testimony that the employee did find employment from others, and that he was boarded by way of compensation.

6. The motion for a non-suit was predicated upon the alledged failure of the evidence to connect the plaintiff with the contract. The employee was the minor son of the plaintiff, and he testified that he made for his mother the contract, and then set out its terms. " For his mother," may be understood to mean as her agent, or on her behalf, or as her representative. Apart from the question of legal right in her to his services during his minority, on which

nothing need be laid down, it was certainly competent for him to consent to be hired out by her, and to represent her in making the contract. If she had not previously authorized him to make the contract for her, or in her stead, she could, and, as may be inferred from her position in this suit, did ratify his act. A non-suit was properly refused.

7. A suit commenced by an infant is not void. Code, §3263. The substitution of the mother by amendment, unless she had come into the suit to prosecute the infant's right rather than her own right, was out of order; but it seems not to have been objected to in proper time, and now it is too late. 47 *Ga.*, 596.

8. It seems superfluous to say that the question of the right to appeal does not arise upon a motion for a new trial.

The evidence was conflicting, and the jury took it most strongly in favor of the plaintiff below. So taken, it would warrant the verdict except as to the part of it dependent upon the item of board. No new trial is necessary to eliminate this excess, as the evidence in the record is distinct touching amounts, dates, etc. Let the judgment be reversed as to all of the recovery except $107.50, with interest thereon from October 1st, 1876. As to this amount, when the excess is remitted, let it stand.

Judgment affirmed.