HURST *v.* GOODWIN, by next friend.

An infant may by his next friend maintain an action for slander.

Submitted January 11, — Decided February 4, 1902.

Action for slander. Before Judge Bennet. Pierce superior court. February 9, 1901.

*Estes & Walker* and *L. A. Wilson,* for plaintiff in error.
*S. W. Sturgis* and *R. G. Mitchell Jr.,* contra.

COBB, J. Mattie Goodwin, by her next friend, brought against Hurst an action for slander, on account of words alleged to have been uttered by him, which in effect charged her with fornication

with a negro. At the trial term the defendant moved to dismiss the plaintiff's suit, on the ground that no cause of action was set forth in the petition, for the reason that a minor had no right of action for slander. This motion was overruled. After the introduction of evidence for the plaintiff, a motion for a nonsuit was made upon the ground that it appeared from the evidence that the plaintiff was a minor living with her father, and that under this state of facts she was not entitled to recover, for the reason that the cause of action set forth in her declaration enured to the benefit of her father alone and she had no right to bring an action for the same. This motion was also overruled. The case proceeded to trial, and resulted in a verdict for the plaintiff. The defendant made a motion for a new trial, which was likewise overruled, and he filed a bill of exceptions complaining of the several rulings of the court above referred to.

If an infant is injured by the tortious conduct of another, and the effect of the injury is such as to deprive the father of the services of the infant, the father can maintain against the wrong-doer an action for whatever damages he may have sustained on account of being deprived of the services of his child. But this right of the father does not relieve the wrong-doer from liability for whatever damages accrue directly to the infant in the event the tort is one which resulted in damage to the infant. The above propositions are so well settled that it is useless to cite authority in support of them. It does not, however, follow that the right of action for injuries of every character to a minor child is in the father alone. If the injury is one from which the father does not sustain any damage, that is, which does not destroy or impair the ability of the child to render services to the father, there is no right of action in the father for the wrong done the child. The infant may maintain an action for damages on account of any tort committed resulting in damages to him, whether the tortious act affects the parent or not. As a general rule, the parent does not sustain damage from the defamation of his child's character, whether that defamation be oral or written, and ordinarily therefore the parent can not maintain an action for slander or libel against the defamer of his minor child's character. But in all cases wherever defamatory words are spoken or written of a minor, the right of action accrues to the minor, and suit therefore may be brought by him through the

medium of a guardian ad litem or next friend. If the defamatory words, whether spoken or written, are of such a character that in their effect they deprive the parent of the services of the child, then, under the principles above referred to, the father may maintain an action for the consequential damages resulting to him therefrom. But this would not affect the right of the infant to maintain an action for the damages accruing directly to him. The petition set forth a cause of action, the evidence fully warranted the verdict, and there was no error in overruling the motion for a new trial. See 18 Am. & Eng. Enc. Law (2d ed.), 1052 (2); Newell, Slander & Libel (2d ed.), 369–70; Odgers, Libel & Slander (2d Eng. ed.), *405.

*Judgment affirmed. All the Justices concurring.*