22879, 22880. COLEMAN v. DUBLIN COCA-COLA BOTTLING COMPANY; and *vice versa.*

DECIDED AUGUST 18, 1933.

*Lesler F. Walson, A. Russell Ross, J. H. Milner, Will Ed Smith,* for plaintiff.

*J. S. Adams,* for defendant.

JENKINS, P. J. 1. Under section 3021 of the Civil Code (1910), "until majority, the child remains under the control of the father, who is entitled to his services and the proceeds of his labor," but "this parental power is lost" (among other prescribed ways) "by the failure of the father to provide necessaries for his child, or his abandonment of his family." In such event, the mother, living separately from the father, and having the entire custody of their minor child, is entitled to the services of the child and the proceeds of his labor, and, in case of a tort to the child, may sue for and recover the same to her use. Civil Code, § 2994; *Savannah, Florida &c. Ry. Co.* v. *Smith,* 93 *Ga.* 742, 744 (21 S. E. 157); *Newlon* v. *Cooper,* 13 *Ga. App.* 458 (79 S. E. 356). The statutory right of the parent to sue is merely declaratory of the common law, where such "right to recover is by legal fiction predicated upon the relation of master and servant," and is "limited to the recovery of damages for loss of the child's services." *Frazier* v. *Ga. R. Co.,* 101 *Ga.* 70, 72-75 (28 S. E. 662, 684); *Shields* v. *Yonge,* 15 *Ga.* 349 (2), 356 (60 Am. D. 698). But "in no case can a father maintain an action for a wrong done to his minor child, unless the father has incurred

some direct pecuniary injury therefrom, in consequence of loss of service necessarily consequent thereon," or necessary expenses in-· curred thereby. *Sorrels* v. *Matthews,* 129 *Ga.* 319, 321 (58 S. E. 819, 13 L. R. A. (N. S.) 357, 12 Ann. Cas. 404). The mother, who under the statute stands in the place of the father in supporting their child after the father's abandonment of his family, acquires no greater rights.

2. "That a father may emancipate a minor child by allowing him to receive the proceeds of his labor is settled by our code and by decisions of this court. Allowing the child to receive the proceeds of his own labor amounts to an emancipation." *Hargrove* v. *Turner,* 112 *Ga.* 134, 135 (37 S. E. 89, 81 Am. St. R. 24). Such a manumission may be temporary, under the statute, by the father's express or implied "consent to the child receiving the proceeds of his own labor, which consent shall be revocable at any time" (Civil Code, § 3021, par. 3), for a particular employment, in which event it does not follow "that the minor has been manumitted by the father for the whole period of his minority." *Atlanta & West Point R. Co.* v. *Smith,* 94 *Ga.* 107 (4), 111 (20 S. E. 763); *Wilson* v. *McMillan,* 62 *Ga.* 16, 18 (35 Am. R. 115). Or the father may permanently lose his parental rights to the child's services and their proceeds by express or implied consent, or by his failure "to provide necessaries for his child, or his abandonment of his family." Civil Code, § 3021 (3); *Vale Royal Mfg. Co.* v. *Bradley,* 8 *Ga. App.* 483 (3), 490 (70 S. E. 37); *Richter* v. *Va.-Car. Chemical Co.,* 1 *Ga. App.* 344 (2) (57 S. E. 939). A mother of a minor, who is a widow or stands in the place of the father after his abandonment of the family, likewise may manumit the child under the same conditions which apply to the father. See *Harris* v. *Johnson,* 98 *Ga.* 434 (2), 436, 437 (25 S. E. 525). The presumption is that the earnings of a minor child belong to the father, if living, unless he has abandoned the child to the mother living separately from him, and that they belong to her, if the mother has thus become entitled to the child's services; and where it is claimed that the earnings belong to the minor, that presumption must be overcome by proof of either express or implied manumission. See *Jones* v. *McCowen,* 34 *Ga. App.* 801 (131 S. E. 290).

3. In the instant action of a fifteen-year-old minor, suing by

his grandfather as next friend, for damage from drinking coca-cola bottled by the defendant, the evidence shows that the father abandoned the child and his mother ever since the boy was about a month old, that the mother remarried, that the boy lived only on rare occasions in her home on account of differences with the step-father, that he generally lived with his grandfather, where he worked for wages or for a "patch" of his own, and was allowed to work for others, that his mother had not contributed anything to his support for four or five years, and had not required him to account for his wages or any part of his earnings, and he had spent what he earned upon himself, and that she "is not claiming anything for his services," and "has consented for him to work and earn what he could for himself." This uncontroverted evidence was amply sufficient to authorize, if indeed it did not demand, a finding that the minor had been manumitted by both father and mother, so as to entitle him to proceed by next friend for the loss of his own earnings, and the nonsuit which was granted on motion of the defendant could not have been properly awarded on the theory that the evidence showed that only the mother was entitled to recover for the loss of his earnings.

(a) It was error to exclude the evidence of the minor, seeking to prove conversations with him by his mother relative to his receiving the proceeds of his own labor, and that she "had told him prior to the filing of this suit it was satisfactory to her for him to leave home, and make his own way in the world, and that she expressly consented for him to receive the proceeds of his labor," upon the grounds that "the witness was incompetent to testify as to any such conversation, and that a mere verbal statement made by the mother to the plaintiff would not have the effect of manumitting the plaintiff, and have the effect of authorizing him to receive the proceeds of his labor." There was no better or more direct method of proving an express manumission by the mother; and the plaintiff, a fifteen-year-old minor, was competent, like any other witness, to prove such an agreement with the mother.

4. The instant petition sought a recovery for the minor not only of lost earnings, but for permanent injuries and pain and suffering from drinking an alleged poisonous foreign ingredient placed in the beverage compounded and bottled by the defendant.

There was proof as to the earnings and earning capacity of the boy, and also evidence as to his severe stomach pains, vomiting of blood, bodily pain, and illness. Plaintiff's counsel in their brief admit that the evidence did not sustain the charge of permanent injuries, but insist upon actual damages. The special damages shown related to loss of earnings and a doctor's bill. With reference to general damages and pain and suffering, "general damages are such as the law presumes to flow from any tortious act, and may be recovered without proof of any amount" (Civil Code, § 4507), and under this section it is held that "the law infers bodily pain and suffering from personal injury, and loss of time from the disabling effect thereof." *County of Bibb* v. *Ham,* 110 *Ga.* 340, 341 (35 S. E. 656). In this case there was evidence besides the inference from the injury shown.

(a) A minor as well as an adult may recover for pain and suffering. *Elk Cotton Mills* v. *Grant,* 140 *Ga.* 727 (6), 733 (79 S. E. 836, 48 L. R. A. (N. S.) 656); *Williams* v. *Jones,* 26 *Ga. App.* 558 (3) (106 S. E. 616). The right of a parent to sue for his own benefit for a tort to his minor child being only for lost services and necessary expenses caused by the injury, where the parent is entitled to such services, even an infant unemancipated by his father is entitled to "damages on account of any tort committed resulting in damages to *him,* whether the tortious act affects the parent or not," and "if the injury is one from which the father does not sustain any damage, that is, which does not destroy or impair the ability of the child to render services to the father, there is no right of action in the father for the wrong done the child." *Hurst* v. *Goodwin,* 114 *Ga.* 585, 586 (40 S. E. 764, 88 Am. St. R. 43); *Central R. Co.* v. *Brinson,* 64 *Ga.* 475, 476; *Spradlin* v. *Ga. Ry. & El. Co.,* 139 *Ga.* 575, 578 (77 S. E. 799). This rule applies equally to a mother in loco parentis as to the father. And where, as in the instant case, the evidence shows emancipation by both father and mother, the sole right of recovery for the personal damages of the child is in him. Accordingly with regard to general damages, pain and suffering, the nonsuit was not proper, upon the contention that the sole right to their recovery was in the mother.

5. "Where a suit is brought by a minor for a tort committed upon him, the proper method is for the petition to be brought in

the name of the minor, by his guardian ad litem or next friend." *Linder* v. *Brown*, 137 *Ga.* 352 (8) (73 S. E. 734). But "a suit commenced and prosecuted by an infant alone is not void; and although the suit is defective in wanting a guardian or next friend, the defect is amendable before verdict and cured by verdict." Civil Code, § 5524; *Ross* v. *Battle*, 113 *Ga.* 742, 743 (39 S. E. 287). The method of procedure by prochein ami and giving bond is prescribed by the Code, § 6307. "The substitution of the mother by amendment, unless she had come into the suit to prosecute the infant's right rather than her own right," would be "out of order." *Ansley* v. *Jordan*, 61 *Ga.* 482, 488 (7). Accordingly, the instant suit, filed by the minor originally in his own name, was properly amended so as to proceed in his name by a next friend, instead of in the name of the mother, as the defendant insists should have been done.

6. "When a manufacturer makes, bottles, and sells to the retail trade, to be again sold to the general public, a beverage represented to be refreshing and harmless, he is under a legal duty to see to it that in the process of bottling no foreign substance shall be mixed with the beverage which, if taken into the human stomach, will be injurious." *Watson* v. *Augusta Brewing Co.*, 124 *Ga.* 121, 123 (52 S. E. 152, 1 L. R. A. (N. S.) 1178, 110 Am. St. R. 157). While it is true, as contended by the defendant and held in *Hudgins* v. *Coca-Cola Bottling Co.*, 122 *Ga.* 695 (50 S. E. 974), that mere general averments of negligence, though good against general demurrer, are not sufficient when attacked by a special demurrer properly pointing out such defects, that "a specification of the particulars of the negligence relied on can not be avoided by an allegation that the plaintiff has been unable to ascertain the particular acts of negligence causing the injury, and on account of the manner in which the injury was inflicted they are more peculiarly within the knowledge of the defendant than of the plaintiff," and that "general averments of negligence can not be aided by the maxim res ipsa loquitur" to assist a defective pleading (*Hudgins* case, supra; *Commerce Coca-Cola Bottling Co.* v. *Farabee*, 17 *Ga. App.* 487, 87 S. E. 720), yet in determining the propriety of a nonsuit, the rule of res ipsa loquitur is to be applied to the evidence of the injury; and where, as in this case— under allegations in the petition that the bottle of coca-cola drunk

by the plaintiff was negligently rinsed, mixed, and filled by the defendant, by using "potash and other alkalis" in cleansing the bottle, and leaving in the bottle a strong foreign alkali ingredient in sufficient quantity to cause alkali poisoning and the damage claimed,—there was evidence not only as to the severe stomach pains, vomiting, and other results of the drinking of the beverage, as charged in the petition, but also as to the use of caustic soda by the defendant in sterilizing and washing the bottles, and the presence of a "milky" or "druggy" liquid in the bottle, after part of it was drunk by the defendant, different from the liquid in a normal bottle of coca-cola, it can not be said as a matter of law that the plaintiff, in drinking from the bottle of coca-cola, which had previously been unopened, without first making an examination of its contents, was, as a matter of law, guilty of such a failure to exercise ordinary care for his own safety as would bar a recovery, or that the jury were not authorized, despite the evidence on behalf of the defendant as to the manner and method and degree of care exercised by it in conducting its business of bottling beverages, to apply the doctrine of res ipsa loquitur, and, upon this and the additional evidence above stated, "find against the defendant upon the issue as to its negligence." *Atlanta Coca-Cola Bottling Co.* v. *Sinyard,* 45 *Ga. App.* 272 (164 S. E. 231); *Watson* v. *Augusta Brewing Co.,* supra; *Armour* v. *Miller,* 169 *Ga.* 201, 202 (149 S. E. 698), 39 *Ga. App.* 228 (2, 3) (147 S. E. 184); *Atlanta Coca-Cola Bottling Co.* v. *Dean,* 43 *Ga. App.* 682 (160 S. E. 105); *Atlanta Coca-Cola Bottling Co.* v. *Shipp,* 41 *Ga. App.* 705 (2) (154 S. E. 385); *Atlanta Coca-Cola Bottling Co.* v. *Danneman,* 25 *Ga. App.* 43 (102 S. E. 542). It was therefore error to grant a nonsuit, upon the contention that the evidence did not make out a prima facie case of liability against the defendant.

7. On the cross-bill of exceptions, under the legal rules stated in the preceding paragraphs, the court did not err in overruling the demurrer to the petition, upon the grounds that the suit as brought could not be maintained by a minor, that there are no proper allegations of negligence, and that the petition fails to state a cause of action.

*Judgment reversed on the main bill of exceptions; affirmed on the cross-bill. Stephens and Sutton, JJ., concur.*