Guerry, J.
Lillian Brooks, by her mother as next friend, filed a suit against Mrs. Earl Kite, for the recovery of damages, because the defendant, it was alleged, negligently and carelessly drove her car into a car in which the plaintiff was riding. The petition, after setting out the details of the occurrence and various acts of negligence on the part of the defendant, alleges; <ePetitioner shows that the impact of the blow when the car said defendant was driving struck the car in which petitioner was riding caused petitioner to be thrown violently forward in said automobile, petitioner’s legs and knees striking the bottom of the dashboard of said automobile *532 with great force and violence, and petitioner’s chest being hurled and mashed against the steering wheel, and then against the dashboard of said car. (19). Petitioner shows that she suffered a severe blow on her chest, and that the muscles, ligaments, and tendons therein were strained and twisted; and that petitioner sustained several severe bruises on her chest. (20) Petitioner shows that she suffered, and now suffers, from severe pains in her chest. (21) Petitioner shows that she sustained a large bruise and contusion just immediately below and to the left of her left eye, and that said bruise was of a violent red color, and that petitioner’s eye and said skin surrounding petitioner’s left eye are discolored at this time, and have been since the date of receiving these injuries herein set out. (22) Petitioner shows that she sustained bruises over her entire body, and that her right knee and right shoulder were bruised, contused and lacerated. (23) Petitioner shows that both of her legs were bruised, contused and lacerated. (24) Petitioner shows, that her back was strained and wrenched, and the bones, ligaments, tendons, and muscles in her back were sprained, stretched, and twisted, so that petitioner now suffers intense pain in her back. (25) Petitioner shows that she now suffers severe pain from said injury to her left eye. (26) Petitioner shows she suffers intense pain in her back, head, legs, shoulders and neck, and that her entire body is sore. (27) Petitioner shows that since the date of receiving said injuries petitioner has suffered from insomnia, and that petitioner has suffered, and now suffers, from a constant violent headache. (28) Petitioner shows that she rwas confined to her bed by reason of said injuries, and has been under the care of a physician.”
Defendant’s demurrer was as follows: “(1) That the facts as alleged in said petition do not constitute a cause of action against your defendant, and there is no cause of action set out in said petition. (2) Defendant demurs specially to said petition, because the said Lillian Brooks, a minor, did not bring said suit and file said petition by and through her father as next friend.” The court overruled the demurrer, and the defendant excepted.
It is fitting to state first that the defendant (plaintiff in error) does not contend that, if it be admitted that the suit is properly brought, the facts alleged in the petition, which are taken as true upon demurrer, set out no cause of action against the defendant. *533 It is only too obvious that it does, and the sole question before this court is, was the action properly brought? Defendant’s argument before this court proceeds along the line that the right of action for a tort committed on an unemancipated minor vests in the father, and that, the petition not alleging that the father of the minor plaintiff, Lillian Brooks, has surrendered parental power in any of the ways set out in the Civil Code of 1910, § 3031 (Code of 1933, § 74-108), or that the father was deceased, the action proceeding by her mother as next friend is improper.
In developing an answer to the defendant’s position, it is pertinent to inquire whether a father of a minor, who has not surrendered his parental power over the. child, is exclusively entitled to sue for all torts committed on his child? The Code of 1933, § 105-107 (Code of 1910, § 4413), provides: “Every person may recover for torts committed to himself, his wife, his child, his ward, or his servant.” Ordinarily, “an action for a tort shall . . be brought in the name of the person whose legal right has been affected.” Code of 1933, § 3-109 (Code of 1910, § 5517). And it is provided that “persons not sui juris may appear either by guardian or next friend, or guardian ad litem appointed by the court.” Then to what extent, under the Code of 1933, § 105-107 (Code of 1910, § 4413), does the right of the father go to recover damages incurred by reason of a tort committed to his minor unemancipated child? In Coleman v. Dublin Coca-Cola Bottling Co., 47 Ga. App. 369 (170 S. E. 549), it was said: “The statutory right of the parent to sue is merely declaratory of the common law, where such ‘right to recover is by legal fiction predicated upon the relation of master and servant,’ and is ‘limited to the recovery of damages for loss of the child’s services.’ Frazier v. Ga. R. Co., 101 Ga. 70, 72-75 (28 S. E. 663, 684); Shields v. Yonge, 15 Ga. 349 (2), 356 (60 Am. D. 698).” Thus, the general rule is that a father can not recover for a tort committed on his minor child, unless he thereby incurs a direct pecuniary loss, such as loss of services, medicine, nursing, and other necessary expenses. Crenshaw v. L. & N. R. Co., 15 Ga. App. 183 (83 S. E. 767), and cit.; City of Albany v. Lindsey, 11 Ga. App. 573 (75 S. E. 911); Augusta Factory v. Davis, 87 Ga. 648 (13 S. E. 577); Buhler v. Cohn, 31 Ga. App. 463 (120 S. E. 785). For example, in Sorrels v. Matthews, 139 Ga. 319 (58 S. E. 819), it was said: “A father can *534 not maintain a suit for a wrong dono to his minor child, unless he has incurred a direct pecuniary injury therefrom, by reason of loss of service or expenses necessarily consequent thereon. It follows that if a teacher of a public school is liable to any one for expelling a pupil therefrom, an action therefor will not lie in favor of the father of the pupil, when he has thereby suffered no direct pecuniary loss.” The basis of the suit by the father is loss of services and necessary expenses. King v. Southern Ry Co., 126 Ga. 794 (55 S. E. 965, 8 L. R. A. (N. S.) 544). It is, therefore, settled law “that the right of action for injuries of every character to a minor child is not in the father alone. If the injury is one from which the father does not sustain any damage, that is, which does not destroy or impair the ability of the child to render services to the father, there is no right of action in the father from the wrong done the child. Hurst v. Goodwin, 114 Ga. 585 (40 S. E. 764, 88 Am. St. R. 43). Even a casual reading of the allegations of the petition already set out in this opinion discloses that no damages are sought for permanent injury until majoritjr, or for services lost, or for expenses attendant upon the injuries received. Only damages for pain and suffering consequent upon the actual physical injuries sustained are sought. It follows that the father could not himself sue for the damages alleged, and if he attempted to do so the petitioir would be demurrable. Sorrells v. Matthews, supra.
Then, in whom does the right to sue in this case exist? “If an infant is injured by the tortious conduct of another, and the effect of the injury is such as to deprive the father of the services of the infant, the father can maintain against the wrong-doer an action for whatever damages he may have sustained on account of being deprived of the services of his child. But this right of the father does not relieve the wrong-doer from liability for whatever damages accrue directly to the infant in the event the tort is one which resulted in damages to the infant. . . The infant may maintain an action for damages on account of any tort committed, resulting in damages to him, whether the tortious act affects the parent or not.” Hurst v. Goodwin, supra. A suit by a father for damages because of the commission of a tortious act upon his minor child, loss of services, and necessary expenses, is essentially different from a suit by the child for damages accruing directly to him by reason *535 of the tort. Hooper v. Southern Ry. Co., 112 Ga. 96 (37 S. E. 165); Clark v. Southern Ry. Co., 20 Ga. App. 274 (92 S. E. 1020). “A minor as well as an adult may recover for pain and suffering. Elk Cotton Mills v. Grant, 140 Ga. 727 (6), 733 (79 S. E. 836, 48 L. R. A. (N. S.) 656); Williams v. Jones, 26 Ga. App. 558 (3) (106 S. E. 616). . . Even an infant unemancipated by his father is entitled to ' damages on account of any tort committed resulting in damages to him.’” Coleman v. Dublin Coca-Cola Bottling Co., supra. It follows, therefore, that the right to recover the damages set out in the petition sub judiee vests in the child. How is this right to be enforced? The Code of 1910, § 5416, provides: “ Persons not sui juris may appear either by guardian or next friend, or guardian ad litem appointed by the court. In the latter two eases the court may require such bond as shall protect the interest of the person under disability.” Thus, where there is vested in a minor a cause of action, he must bring the suit through next friend (Wood v. Haines, 72 Ga. 189), although where a minor brings a suit by himself and there is no objection to his proceeding alone, the defect is cured by verdict and the judgment is not void. Code of Í933, § 3-115 (Code of 1910, § 5524). The minor in a suit of this character is the real party. The prochien ami is merely an officer of the court to protect the rights of the minor who is considered incapable of managing his own affairs. Lasseter v. Simpson, 78 Ga. 61 (3 S. E. 243). It is therefore proper that the suit be brought (as is done in this case) in the name of the minor, by his next friend (Linder v. Brown, 137 Ga. 352, 73 S. E. 734), although if the suit be brought otherwise, that is in the name of the next friend, the difference is of little consequence. Ellington v. Beaver Dam Lumber Co., 93 Ga. 53 (19 S. E. 21); Van Pelt v. Chattanooga, Rome & Columbus R. Co., 89 Ga. 706 (15 S. E. 622); Spencer v. Peace, 42 Ga. App. 516; Vale Royal Mfg. Co. v. Bradley, 8 Ga. App. 483 (70 S. E. 37).
The only remaining point to cover is: .Is it necessary that a particular person, such as the father, be named as next friend, and is a suit by the infant, brought by some other person as next friend, good? In Platt v. Southern Photo Material Co., 4 Ga. App. 159 (60 S. E. 1068), this court, in deciding that it is necessary in bringing a case to this court by a minor through his next friend, that the pauper’s oath state the inability of the next friend to pay *536 the'costs, said, pertinent here: “The appointment of a next friend or guardian ad litem—and between the two there is little or no difference for all practical intents and purposes—is a matter primarily for the court; but usually, in his petition, the infant names the next friend, who consents to act, and the court by allowing the action to proceed, ratifies the appointment. The court might refuse to recognize the next friend named in the petition, and would have the power to appoint another.” See also Story’s Eq. PL (10th ed.), § 57, quoted approvingly in Sanders v. Hinton, 171 Ga. 702 (156 S. E. 812); Sharp v. Findley, 59 Ga. 722; Oliver v. McDuffie, 28 Ga. 522, all of which are authority that the appointment of a next friend is a matter within the discretion of the trial judge; no particular person is required to act in that capacity. In view of the general custom of a minor plaintiff naming a next friend in his petition, it has been held that a formal order by the court appointing a next friend is not necessary. Conduct of the court may ratify the selection made by the minor plaintiff (Ross v. Battle, 113 Ga. 742 (39 S. E. 287); Watkins v. Lawton, 69 Ga. 671), such as allowing the case to proceed. Platt v. Southern Photo Material Co., supra. See also Grinnell v. Grinnell, 174 Ga. 904 (164 S. E. 681). As for direct authority that the father is not a necessary next friend in a suit by an infant for the enforcement of a right of his, in Bartlett v. Batts, 14 Ga. 539, it was held: “The father of the infant is not the only person eligible to the place of next friend; any other may be appointed by the court, in its discretion.” The court in the case now before us evidently was satisfied with the mother as next friend, as being a proper person to look after the rights of the plaintiff, and from the authorities cited we think the demurrer of defendant is without merit.
Upon the call of this case in this court, defendant in error made a motion that the bill of exceptions be dismissed because the points sought tp be adjudicated therein had become moot. The motion states that on May 3, 1935, the defendant in error filed an amendment to her original petition in the court below, which was allowed and made a part of the record in the case, which amendment set forth that the parental power of the father of this minor plaintiff was lost and forfeited, the father having forfeited the custody and control of the minor plaintiff before the injury. As Will be noted from the opinion this amendment was not necessary. *537 However, the facts set out in the motion can have no effect on the bill of exceptions filed in this court, for after a judge of the trial court has certified the bill of exceptions he loses jurisdiction of the case until the matter is passed upon and determined by a court of review, and the allowance of an amendment while the case is pending in this court is without effect. See, in this connection, Howard v. Lowell Machine Co., 75 Ga. 325; Pryor v. Pryor, 164 Ga. 7 (137 S. E. 567), and cit.; Bivins v. McDonald, 50 Ga. App. 299 (177 S. E. 829). While the judge may entertain an amendment to a petition, to which a general demurrer has been overruled and where this ruling has been reversed by this court, after the case has been decided but before the remittitur has reached the trial court (Jackson v. Security Ins. Co., 47 Ga. App. 626, 171 S. E. 301), he has no authority to allow an amendment while the case is pending in the appellate court. The motion therefore is without merit.

Judgment affirmed.

MacIntyre, J., concurs. Broyles, C. J., concurs specially.