### 25223. Morris *v.* Stanford.

Stephens, J. 1. There can be no seduction without carnal knowledge of the woman by the alleged seducer, and that must have been induced by promise of marriage by the man or by other false and fraudulent means. Code, § 26-6001. On the trial of this suit by a woman against a man, to recover damages for a breach of promise of marriage, neither party testified, and the only evidence from which it could possibly be inferred that the plaintiff had been seduced by the defendant was the testimony of witnesses other than the parties, to the effect that the defendant had continuously paid court to the plaintiff, who was an unmarried woman, for more than two years before her giving birth to a child, and that during this perior of time no other young men had "visited" her, and that at some indefinite time during this period the defendant became engaged to marry the plaintiff. This evidence, without more, was insufficient to authorize the inference that the defendant had had carnal

knowledge of the plaintiff, or that, if he had had carnal knowledge of her, his promise to marry her had antedated it and it had been induced by such promise or by other false and fraudulent means. As the evidence presented no issue of seduction, it was error prejudicial to the defendant, as calculated to influence the size of the verdict for the plaintiff, for the court to submit to the jury the issue of seduction. The court, in charging the jury that if the plaintiff had been seduced by the defendant on promise of marriage, this would not justify the defendant's failure to perform his promise (as appears in ground 5 of the motion for new trial) submitted to the jury the issue of seduction. This error requires the grant of a new trial to the defendant.

2. Exceptions to the court's failure to strike certain allegations from the pleadings can not be presented in a motion for new trial.

3. See the act approved March 15, 1935 (Ga. L. 1935 p. 120), which renders the parties to a suit for breach of promise of a marriage contract competent witnesses.

> *Judgment reversed.* *Jenkins, P. J., and Sutton, J., concur.*

DECIDED JULY 9, 1936. ADHERED TO ON REHEARING JULY 29, 1936.

*B. P. Jackson, Lankford & Rogers,* for plaintiff in error.
*Saffold & Sharpe, L. C. Underwood,* contra.