## 26134. WATERS v. BRIDGES.

GUERRY, J. 1. "In applications for continuance on the ground of surprise resulting from an amendment to pleadings, the party claiming surprise must make oath, or his counsel state in his place, 'that such surprise is not claimed for the purpose of delay.'" *Atlantic & Birmingham R. Co.* v. *Douglas*, 119 *Ga.* 658 (46 S. E. 867). In a suit for damages from personal injuries to the plaintiff, an amendment was offered and allowed, to make admissible certain evidence of the attending physician as to an additional injury not set forth in the original petition, and the court permitted the defendant to have an examination of the plaintiff by a physician, with reference to the additional injury alleged. Under such circumstances the refusal of the court to grant the continuance was not error.

2. After full consideration of the assignment of error on the overruling of a motion to declare a mistrial, we hold it without merit.

3. "A minor as well as an adult may recover for pain and suffering. . . An infant unemancipated by his father is entitled to 'damages on account of any tort committed resulting in damages to *him*, whether the tortious act affects the parent or not.'" *Coleman* v. *Dublin Coca-Cola Bottling Co.*, 47 *Ga. App.* 369 (170 S. E. 549). The complaint of the charge of the court to the jury on this subject is without merit.

4. Where allegations of negligence as charged in a petition are supported by either direct or circumstantial evidence, it is not error to charge the jury thereon. The assignments of error on these instructions are without merit.

5. The court fully and fairly presented the contentions of the parties as set out in the pleadings. A reading by the judge to the jury of the petition and the answer will not be held subject to the criticism that it more fully sets out the contentions of the plaintiff than those of the defendant, where in his general charge the judge fully covered the law applicable to the issues.

6. The remaining assignments of error are without merit. This court is unwilling to hold that the verdict is excessive. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED MAY 13, 1937.

*Colquitt, MacDougald, Troutman & Arkwright, Ray Williams,* for plaintiff in error.

*James A. Branch, Thomas B. Branch Jr.,* contra.