## 40701. GRAHAM et al. v. W. J. BREMER COMPANY, INC.

### ORDER OF COURT.

Upon consideration of the application for certiorari filed to review the judgment of the Court of Appeals in this case, it is ordered that the writ be hereby denied.

*All the Justices concur, except Smith and Gregory, JJ., who dissent.*

ORDERED JANUARY 19, 1984.

*Calhoun, Hubbard, Riddle & Cox, Kran Riddle, Walter W. Ballew III,* for appellants.
*Hunter & Woodall, John T. Woodall,* for appellee.

SMITH, Justice, dissenting.

I respectfully dissent from the court's denial of the certiorari application in this case. This case raises a question of first impression in Georgia: whether a child may recover for loss of consortium resulting from the negligent injury of a parent. The Court of Appeals held that "the cause of action for loss of consortium is by its very nature historically and definitionally self-limited to and applicable only to the two parties to the marital union, the spouses, and is, thus, unavailable to the minor child of the tortiously injured parent." *W. J. Bremer Co. v. Graham,* 169 Ga. App. 115.

I find this reasoning to be less than compelling. Judicial inertia, rather than the history or definition of the loss of consortium claim, appears to be the basis of the Court of Appeals' rejection of Graham's arguments. See Prosser, Handbook of the Law of Torts 896 (4th ed. 1971). Georgia courts have previously recognized a child's right to sue, by next friend, for tortious injury. See *Kite v. Brooks,* 51 Ga. App. 531 (181 SE 107) (1935); *Tucker v. Carmichael & Sons, Inc.,* 208 Ga. 201 (65 SE2d 909) (1951) (prenatal injury). We also have recognized the common-law right of a wife to sue for the loss of companionship of a husband tortiously injured by another, *Brown v. Ga. Tennessee Coaches,* 88 Ga. App. 519 (77 SE2d 24) (1953). Like the trial judge here, I think that "[a] child has no less a right to the comfort, companionship, love, aid and affection of a father, than a wife has to a husband or a husband has to a wife. A child perhaps has a greater need of these family associations . . ." I know of no reason to withhold legal recognition of a child's claim for consortium. Other courts have done so. See Weitl v. Moes, 311 NW2d 259 (Iowa 1981); Berger v. Weber, 303 NW2d 424 (Mich. 1981); Ferriter v. Daniel O'Connell's

Sons, Inc., 413 NE2d 690 (Mass. 1980).

Had their father been killed, rather than severely injured, by his collision with appellee's truck, the Graham children doubtless would be entitled to recover for loss of his society and companionship under our wrongful death statute. See OCGA § 51-4-2 (Code Ann. § 105-1302). Given this fact, it mystifies me that they are denied recovery for the loss of their father's affection and companionship during his lengthy hospitalization and recovery period. OCGA § 9-2-3 (Code Ann. § 3-105) states: "For every right there shall be a remedy; every court having jurisdiction of the one may, if necessary, frame the other." I would grant this application in order to fully examine the substantial issues presented by this case.