A91A1879. FRANKLIN v. HILL.
(417 SE2d 721)

JOHNSON, Judge.

Appellants Nancy Franklin (Franklin) and her daughter, Christine Carroll (Carroll) through her mother as "next friend" brought this action against appellee Andrew Hill (Hill), Carroll's former high-school teacher, for seduction of a daughter, under OCGA § 51-1-16. The trial court granted summary judgment in favor of Hill, and this appeal resulted. Franklin and her daughter filed a separate action which is pending in Federal District Court. *Christine Franklin v. Gwinnett County Public Schools and William Prescott,* No. 1:88-cv-2922-ODE.

Carroll alleges that in September 1986, Hill, her tenth-grade economics teacher, schemed to seduce her by befriending her and showing her favoritism over her classmates. Carroll contends that Hill requested that she perform special classroom duties, such as grading daily tests and working problems on the board in front of the class. She further contends that Hill complimented her regularly on her physical appearance. She claims that on many occasions, while the other students were in class completing daily assignments, Hill would take her to his office, which was segregated from the school building in a trailer known as the "field house," where they would discuss various topics. Ultimately, Hill allegedly began to direct his "field house" discussions with Carroll toward sexual problems he was having with his wife, and inquired into Carroll's sexual relationship with her boyfriend. He allegedly asked Carroll if she would consider having sex

with an older man. Carroll claims that on three occasions, during the 1987-1988 school year, Hill engaged in sexual intercourse with her during the school day and on school premises.

Hill denies all of Carroll's allegations. He claims that he and Carroll engaged in infrequent casual conversations, and that she initiated these conversations. He further contends that on several occasions, she approached him in his office to discuss her parents' divorce and the difficulty that it was causing her. Hill claims that he never engaged in sexual relations with Carroll.

On August 2, 1988, Franklin filed the subject action against Hill under OCGA § 51-1-16. Franklin brought the action individually, and as "next friend for Christine Carroll."

On October 17, 1990, Hill filed his motion for summary judgment, including therein an attack on the constitutionality of OCGA § 51-1-16. The trial court granted summary judgment in favor of Hill finding that the appellant failed to present a genuine issue of material fact to sustain a cause of action under OCGA § 51-1-16. The court did not address the constitutionality of the statute in its order, nor did it include a statement of facts found to be undisputed which required judgment for Hill as a matter of law.

At the time the appellants filed their appeal to this court, Hill filed a motion to have this case transferred to the Supreme Court of Georgia as a result of the constitutional issue. We declined to transfer because it is not clear from the trial court's order that the constitutional issue was ruled upon. We affirm in part and reverse in part.

1. Appellants contend that the trial court erred in granting Hill's motion for summary judgment by finding that Nancy Franklin, in her capacity as next friend for Christine Carroll, a minor child, could not maintain a cause of action, pursuant to OCGA § 51-1-16.

OCGA § 51-1-16 provides, "the seduction of a daughter, unmarried and living with her parent, whether followed by pregnancy or not, *shall give a right of action to the father, or to the mother,* if the father is dead, or absent permanently, or refuses to bring an action. No loss of services need be alleged or proved. The seduction is the gist of the action, and in well-defined cases exemplary damages shall be granted." (Emphasis supplied.) OCGA § 51-1-16.

The statute, on its face, provides that only a parent of a seduced daughter has the requisite standing to bring an action for seduction. Therefore, Carroll, the alleged victim of seduction, cannot bring a valid cause of action under OCGA § 51-1-16 in her own name through Franklin "as next friend." Accordingly, we find that Franklin cannot pursue a cause of action on behalf of her daughter and summary judgment was properly granted as to this issue.

2. The appellants' second enumeration of error asserts that the trial court erred in finding that virtue is a requirement of the tort of

seduction.

The elements of the tort of seduction contained in OCGA § 51-1-16 do not include a requirement that the seduced female. be "virtuous." A cause of action under that section requires only that the seduced daughter be unmarried and living with her parent. Furthermore, the statute makes it clear that "the seduction is the gist of the action," thus placing the emphasis on the conduct of the tortfeasor, rather than on the behavior of the alleged victim.

In *Mosley v. Lynn,* 172 Ga. 193 (157 SE 450) (1931), the Court, after referring to the various definitions of seduction in other jurisdictions, did not hold the virginity of the daughter to be a necessary element in the tort of seduction, although the alleged victim in that case happened to be a virgin. In *Mosley,* the Court held that "(i)n an action brought for the recovery of damages under the Civil Code § 4466 [now OCGA § 51-1-16], it is not necessary to allege or prove that a daughter alleged to have been seduced was virtuous. . . ." *Mosley,* supra at 193, 194. The fact that in her deposition Carroll admits that she has had sexual relations with her boyfriend prior to the alleged acts of sexual intercourse with Hill would not preclude her mother from bringing an action under OCGA § 51-1-16.

3. In enumeration one, it is contended that the trial court erred in granting Hill's motion for summary judgment against Franklin, individually, by finding that the actions of Hill did not constitute the tort of seduction by "false or fraudulent" means. The tort of seduction as codified in OCGA § 51-1-16 does not include a requirement that the seduction of the daughter be accomplished through "false or fraudulent" means, though the concept can be found in the sparse opinions addressing this statute under Georgia law.

In *Morris v. Stanford,* 53 Ga. App. 722 (187 SE 159) (1936), this Court concluded that "[t]here can be no seduction without carnal knowledge of the woman by the alleged seducer, and that must have been induced by promise of marriage by the man or *by other false and fraudulent* means." (Emphasis supplied.) *Morris,* supra at 722. However, in *Mosley,* supra, the Supreme Court of Georgia noted that "[i]n order to charge seduction it is not necessary that the manner of accomplishing the act or the circumstances attending it should be set out. The allegation that the defendant 'did seduce' implies that the act was done by flattery and false promises or the exercise of other influence." *Mosley* at 202. It is uncontroverted that Hill gave no promise of marriage to Carroll, but Carroll does allege material facts which could lead a reasonable jury to conclude that Hill employed other "false and fraudulent" means in his alleged seduction of her. In a sexual harassment context, this court has already pointed out that the existence of a special relationship in which one person has control over another may produce a character of outrageousness that other-

wise might not exist. See *Coleman v. Housing Auth. of Americus,* 191 Ga. App. 166, 169 (381 SE2d 303) (1989). It is entirely possible that a jury could consider the special relationship between a male teacher and a 15-year-old female high school student, together with the power and control of the teacher over the student that relationship involved, and conclude that the disparity of power alone was sufficient to support a finding of seduction, thus meeting the requirements of the statute.

Clearly genuine issues of material fact exist in this case, and it was error for the trial court to grant summary judgment to Hill. Accordingly, the trial court's grant of summary judgment is affirmed as to the issues discussed in Division 1 of this opinion, and reversed as to the issues discussed in Divisions 2 and 3. The case is remanded to the trial court for trial on the merits.

*Judgment affirmed in part and reversed in part. Carley, P. J., concurs, and Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

1. I concur fully in Division 1.

2. As to Division 2, I agree that, according to *Mosley v. Lynn,* 172 Ga. 193 (157 SE 450) (1931), plaintiff need not prove that the daughter was "virtuous." This is contained in the Court's headnote 1. The confusion may stem from the summary which the Court gives at the end of that decision: "As a civil injury, the term denominates an injury to the parent which arises out of any unlawful sexual intercourse in which the child is induced to participate by the arts or wiles of the seducer. 'Seduction, as a civil injury, may generally be defined as the act of a man in inducing a *virtuous* woman to commit unlawful sexual intercourse with him.'" (Emphasis supplied.) Id. at 203. The Court did not give the source of the quotation.

Although it is true that the plaintiff does not have to prove that the daughter was virtuous in order to prove seduction, the circumstances of the daughter are not irrelevant. The word "seduction" is not defined in the statute. *Mosley* defines it in this way: "Properly construed, the word 'seduction' as used in § 4466, has reference to any and all cases in which a child is led astray and her morals destroyed, uprooted and extirpated, her social standing damaged, and she is thereby rendered an unfit associate for other children in the family, and a debased member of society; . . ." Id. at 194 (1) (b). The Court uses the word "debauchery" instead of "seduction" in headnote 3 and "debauched" in lieu of "seduced" in headnote (1) (b). Even if the identical definition as given in 1930 would be given today, the jury would have to find that the defendant "seduced" this particular person.

The majority refers in Division 2 to the daughter as "the alleged

victim" of the tort. This may be true in fact but it is not true in law. The victim of this tort is the parent. That is why the virtue of the daughter is not an element. Whether the daughter has a cause of action for a different tort is not an issue in this case. See *Kite v. Brooks*, 51 Ga. App. 531, 534 (181 SE 107) (1935).

3. Since "false and fraudulent means" is not an element of the tort, it is irrelevant to consider, as the majority has done, whether there are genuine issues of material fact "which could lead a reasonable jury to conclude that Hill employed other 'false and fraudulent' means in his alleged seduction of her." That is not an issue.

DECIDED MARCH 20, 1992 —
RECONSIDERATION DENIED APRIL 2, 1992 — ▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

*Weinstock & Scavo, Michael Weinstock, Hillard J. Quint,* for appellant.

*Harben & Hartley, Phillip L. Hartley, Martha M. Pearson,* for appellee.